## MADDOX v. SOUTHERN KRAFT CORPORATION.

### No. 297.

District Court, W. D. Louisiana, Shreveport Division.

March 24, 1941.

A. S. Drew, of Minden, La., for plaintiff.

Madison, Madison & Files, of Bastrop, La., and D. W. Stewart, Jr., of Minden, La., for defendant.

DAWKINS, District Judge.

The defendant in this case has filed a motion to strike Article 24 of the bill of complaint as impertinent and scandalous, and at the same time to dismiss the alleged demands of the petition for a writ of injunction.

The suit is one charging the pollution of Bodcaw Bayou to the great injury of plaintiff's business as a commercial fisherman and operator of a recreation camp, praying for damages to said business, as well as to the physical property, and for an injunction to restrain further damages. The paragraph sought to be stricken is as follows:

"Further shows that an appeal has been made to the Conservation Department of the State of Louisiana through a representative of the plaintiff, and that it was readily seen in conversation with their agent that they are either owned and controlled or completely subservient to the defendant herein, and that they are making no effort now, nor have they made any effort, nor will they, to abate and stop the condition that has existed and is existing at the present time—all of which is the continuation of the corrupt political situation which has existed in the State of Louisiana for the last 12 years."

It would seem clear that the allegations come within the purview of Paragraph (f) of Rule 12 of the New Rules of Federal Procedure, 28 U.S.C.A. following section 723c. In a civil suit the court is not con-

cerned with the alleged "corrupt political situation as has existed in the State of Louisiana for the past 12 years" or the subserviency of agents of the Conservation Department to the will of the defendant. It would be sufficient to allege that an appeal had been made to the proper State agencies for relief without effect. Then, if this, in the judgment of the court, together with the other findings shown, justify the granting of relief, it could be done regardless of whether conditions had been brought about through the means charged or not. The allegation seems to be nothing more nor less than a conclusion of the pleader.

The Article of the petition complained of is therefore ordered stricken, reserving to the plaintiff the right to amend so as to charge in proper language that application for relief has been made to the Conservation Department without effect.

### On Motion to Dismiss Alternative Demands.

This motion should be denied. It can not be determined merely on this motion whether the court would or could give injunctive relief, in addition to demands, until the entire case has been heard.